IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Plaintiff, | S-09-MJ-295 KJM |
| | vs. | |
| EARL ANDERSON, | | |
| | Defendant. | ORDER |
| _____/ | | |

        This matter was on calendar on February 22, 2009 for the government's motion to dismiss the information without prejudice.  Matthew DeMoura, Certified Law Student, appeared for the government; Hallie Gorman, Certified Law Student, and Lauren Cusick, Assistant Federal Defender, appeared for defendant, who was present in court.  The court has considered the government's motion, defendant's opposition styled as an "objection,"and the government's reply.  The court declines to consider defendant's amended "objection," filed on Saturday, February 20, after the government had filed its reply.

        Defendant is charged with driving on a suspended license and driving without a valid license in his possession.  The alleged offenses occurred on June 25, 2009; the information was filed on October 13, 2009.  On November 30, 2009, the parties stipulated to a continuance of

trial because, they said, "negotiations are continuing between the parties and additional time is needed for investigation."

On February 18, 2010, the government filed a motion to dismiss the information without prejudice, representing that "a key witness" who is "integral to the government's case" is deployed overseas and will not return until the end of June. The government intends to refile the information when the officer is available for trial. Defendant argues that the dismissal should be with prejudice or that the case should proceed to trial forthwith. His counsel argues that he has been prejudiced because he incurred the expense of flying to Sacramento from his home in Nevada and in arranging for dialysis while away from home.

At the hearing on the motion, the parties agreed that the government did not inform the defense about the witness's unavailability until on or about February 18, but did not agree about much else. The government's counsel asserted he did not learn of the witness's deployment until he took over the case in late January. He said he left a phone message for defense counsel on February 2, but did not receive a return phone call. Counsel said that when he called later in the month he did hear back from the defense, and that he promptly informed defense counsel of his witness's unavailability. Defense counsel indicated she was not aware of any phone message from February 2, and that it was only after government counsel was informed that defendant was rejecting any plea and wished to proceed to trial that the government advised that his witness could not appear at the impending trial. While the defense represented that it had communicated to the government defendant's final rejection of any plea offer in November 2009, the parties' joint filing on November 30 indicating that "negotiations are continuing" appears inconsistent with such a position, on the present record. Defense counsel repeated her assertion that defendant had been prejudiced by incurring costs, because counsel had been unable to reach defendant before he flew to Sacramento on Friday, February 19. The defense did not say whether defendant's plans had been made in order to meet with counsel on Friday for pretrial preparation.
/////

Under Rule 48(a) of the Federal Rules of Criminal Procedure,

> [t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

The Supreme Court has explained that

> [t]he words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.

Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977) (citations omitted); see also United States v. Wallace, 848 F.2d 1464 (9th Cir. 1988) (restating Rinaldi standard and noting that "fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in 'good faith.'"). While Rule 48(b) allows a court on its own to dismiss a case with prejudice if the government engages in "unnecessary delay" in bringing a defendant to trial, this power must be exercised "with caution, and only after a forewarning to prosecutors of the consequences." United States v. Hattrup, 763 F.2d 376, 377 (9th Cir. 1985). The Ninth Circuit has declined to decide whether dismissal with prejudice under Rule 48(b) could be based on prosecutorial negligence alone, in a case in which the government sought a continuance on the day of trial when an important witness who had not been subpoenaed did not appear. Id. at 378.

On the record in this case, the court does not find that the prosecution has sought to dismiss without prejudice for purposes of harassment. Moreover, the court does not find that a dismissal without prejudice is "clearly contrary to the public interest." While it does appear that this case has not been well managed since its inception, and that communication between the

3

1  government and defense counsel has been less than optimum, the court cannot on the record
2  before it find that the government bears sole responsibility for this problem.
3         Finally, the defense argues that defendant has been prejudiced because of the
4  expenses and difficulties he has incurred and will incur again assuming the case is refiled.  While
5  the court does not downplay this inconvenience and expense generally, it does not find that these
6  factors in this case amount to the sort of prejudice rendering a dismissal without prejudice
7  contrary to the public interest.
8         IT IS THEREFORE ORDERED that the government's motion to dismiss without
9  prejudice (docket no. 9) is granted.
10 DATED: February 22, 2010.

_____
U.S. MAGISTRATE JUDGE